### STATE, ex rel. DENNIS v. DADE COUNTY, et al.
No. H. C. 2628.

Circuit Court, Dade County.

July 22 and 31, 1965.

Howard W. Dixon and Tobias Simon, both of Miami, for petitioner.

Roy S. Wood, Assistant State Attorney and Herbert P. Benn, Assistant Attorney General, for respondents.

Dade County Bar Association, amicus curiae, John B. Kelley, Chairman Family Law Committee, Peter L. Nimkoff, Chairman Sub-Committee on Adjudicative Procedure in the Juvenile Court.

HENRY L. BALABAN, Circuit Judge.

*Order, July 22, 1965:* This cause came on to be heard before the court on the writ of habeas corpus heretofore granted in the within cause, the respondents' return thereto, and the petitioner's application for discharge notwithstanding the return; as also upon the stipulations made by counsel for the parties in open court at the time of the final hearing; as also upon the appearance and statements of the Dade County Bar Association Family Law Committee as amicus curiae; and the court being fully advised in the premises finds that the relator was incarcerated on or about April 23, 1965, in Youth Hall, a detention facility for juveniles in Dade County, and was detained without hearing as required by F. S. 39.03(7) from that date through and including the present time; and that by reason thereof, the said detention is unlawful and illegal and in violation of law.

Whereupon, it is upon consideration ordered that the relator, George Dennis, a juvenile, is entitled to a full and complete hearing, as required by statute, as to whether his release would be inimical to the welfare of the child or of the public, as required by F. S. 39.03(7); and that at such hearing, the relator is entitled to a full and complete explanation of his constitutional and statutory rights; as also such rights as are guaranteed by our statutes and constitutions, without limitation; confrontation of witnesses against him; compulsory process; examination and cross examination of witnesses; and if he and his guardian are indigent, to court-appointed counsel.

Said hearing shall be held within three days from the date hereof or else the juvenile shall be forthwith discharged from custody.

The court retains jurisdiction for the purpose of entering such further orders as may be necessary to give full effect to this order, and for such other purposes as the court deems just and meet.

*Order, July 31, 1965*: This matter is before this court on a motion for rehearing filed by the respondents.

Their motion alleges that there was a misconstruction by the court of the position of the respondents and that the order entered by this court transcends the allegations and the prayer of the petition for habeas corpus.

The motion admits that counsel for the respondents apprised the court that a hearing de novo would be available to the petitioner but claims that no fact was admitted and that for purposes of expediency and to prevent unnecessary delay, such hearing would be awarded.

The court heard arguments of the respective attorneys as well as that of the amicus curiae, the Dade County Bar Association Family Law Committee.

The thrust of the argument for the respondents challenged the wording of the order entered and the right of the court to spell out the various rights that should be accorded the petitioner on a hearing de novo — conceding, however, that the constitutional rights of the petitioner on said new hearing would be respected. When pressed for a definition of what these rights are the respondents declined or were unable to specify. Respondents, according to the state attorney, were not subject to what was termed a "mandamus" by the circuit court to the juvenile court.

The petitioner's attorney, joined by the amicus curiae, insisted that the several constitutional rights specified in this court's order were properly asserted and delineated — and that anything short of that would be a denial of due process, to which the petitioner was entitled under the constitutions of the United States and the state of Florida. The meaning and applicability of F. S. 39.03(7) was debated. This section of the statute provides as follows —

> "(7) No child taken into custody who has not been adjudicated to be a dependent or delinquent child shall be detained in custody longer than two days, excluding Sundays and legal holidays, unless a special order so directing is made by the judge, finding that the release of the child would be inimical to the welfare of the child or of the public, *stating the reasons for such finding. The reasons for such finding shall be reviewable by appeal or in habeas corpus.*" (Italics added.)

The respondents contend that this court is limited to either of the following orders — to discharge the petitioner in habeas corpus, or to remand him. Beyond those two extremes this court, so it is claimed, is bereft of authority. I do not so interpret F. S. 39.03(7), which spells out this court's authority, namely — *"The reasons for such finding shall be reviewable . . . in habeas corpus."*

By agreeing to a new hearing respondents admit that the petitioner was denied due process. It would seem to be moot, unnecessary and a useless procedure to argue or debate extensively the applicability of the aforesaid statute — because the respondents have stipulated that a new hearing would be granted the petitioner. Implicit in that procedure would be the recognition of those rights to which petitioner is entitled under our several constitutions and all defined by the law applicable to due process.

The respondents, however, say we will give a new hearing but we will not state what rights will be recognized in such new hearing. This cannot be permitted, and the new hearing must go forward pursuant to the stipulation of the respondents but with every right accorded to the petitioner as outlined in the previous order, viz — confrontation of witnesses against him, examination and cross examination of witnesses, compulsory process, and if he and his guardian are indigent, to court appointed counsel.

I have examined cases and researched the legal issues. Such research discloses that confrontation, cross-examination under oath, fair trial and the appointment of counsel are ingredients of and essential to due process, that one must not be denied due process and that deprivation of due process is adverse to the advancement of a free society.

"The courts shall be open to all alike. Justice shall be administered to all without delay or denial."

These rights are to be broadly construed, they should not be destroyed, denied, abridged or impaired — they are fundamental principles of liberty and justice and are to be protected and safeguarded. With this as a formula, guide and predicate, the court fully justifies this order.

The real controversy here is whether or not due process was accorded petitioner. The limited stipulation of the respondents concedes he was not. To agree to give petitioner a new hearing, but to refuse to say on what basis this will be done, is merely begging the question and will accomplish nothing.

Accordingly, the matter considered, and the court being advised in the premises, the motion for rehearing having been heard and argued by the respective parties, it is the order of this court that the same be denied, and the previous order stands as entered of record. The new hearing should be given promptly and not later than seven days herefrom.

The parties advised the court and it is gratifying to be informed that the Dade County Bar Association Family Law Committee, the juvenile authorities, and the attorney general are in conference concerning remedial action to be taken to prevent, abate and avoid future problems involving similar issues.